STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           CIVIL DOCKET
                                        DOCKET NO.: AP-02-15

                                        *A̶m̶ n̶-̶P̶e̶n̶- 4/30/2003*

LAURA ZEGEL,              )
            Petitioner   )
                         )
                         )    DONALD L. GARBRECHT
v.                       )         LAW LIBRARY
                         )
STATE OF MAINE           )    MAY 5 2003
BOARD OF SOCIAL          )
WORK LICENSURE,          )
            Respondent   )

ORDER
FILED & ENTERED
SUPERIOR COURT
APR 30 2003
PENOBSCOT COUNTY

Pending before the Court is Laura Zegel's (the "Petitioner") appeal from the

Maine Board of Social Work Licensure's (the "Board") decision to censure her, place her

on probation, and access costs. For the following reasons the Court denies the

Petitioner's appeal.

## Background

Ms. Erin Martin filed the original disciplinary complaint against the Petitioner for

conduct that occurred while treating with the Petitioner during September of 2000.

Before starting therapy with the Petitioner, Ms. Martin called to ask whether she accepted

insurance. The Petitioner would not discuss the matter over the phone and informed Ms.

Martin that they would discuss payment at the first session. At their first session the

Petitioner indicated that there were privacy concerns with paying via insurance.

Although Ms. Martin did not agree she agreed to pay without using her insurance. After

further consideration Ms. Martin determined that she could not afford therapy without

insurance payments. Ms. Martin contacted the Petitioner to discuss the matter and again,

the Petitioner would not discuss the matter over the phone. At their next meeting the

Petitioner informed Ms. Martin that she would not treat her if she wished to pay via her

1

insurance company. Although Ms. Martin wished to continue therapy with the Petitioner she paid for two sessions in cash and terminated the therapeutic relationship.

After terminating the relationship Ms. Martin attempted to get a receipt so she could process her insurance claim. When the Petitioner failed to honor her request Ms. Martin wrote a complaint letter to the Board. Apparently before the Petitioner had notice of the complaint she mailed a receipt to Ms. Martin. Upon receipt Ms. Martin notified the Board and indicated that this "conclude[d] her involvement". However the Board felt it needed to pursue additional issues. The major issues that the Board identified concerned violations of Section 1.01 and 1.02 of the National Association of Social Worker Code of Ethics.[1]

After holding initial proceedings and deciding to move forward with the matter, the Board recommended a consent agreement that provided for a censure and six months of consultation on a once-per month basis. The Petitioner declined to execute the agreement and requested a full hearing. On May 9, 2002, the Board held a hearing at which both Ms. Martin and the Petitioner testified. Additionally, the Petitioner called Frederick Reamer ("Reamer") as an expert witness while the State offered Deborah Sheehan ("Sheehan") as an expert. Sheehan had been a voting member of the Board during the initial proceedings when the Board decided to forward the matter for a hearing. However, at the time of the hearing she was the Board's Complaint officer. She was listed as an expert witness and the Board recused her from deliberations on the matter.

---

[1] The Board eventually dismissed the charge concerning section 1.01. Section 1.02 provides: "Social workers respect and promote the right of clients to self-determination and assist clients in their efforts to identify and clarify their goals. Social workers may limit clients' rights to self-determination when, in the social workers' professional judgment, clients' actions or potential actions pose a serious, foreseeable, and imminent risk to themselves or others."

2

Sheehan testified that in her opinion the Petitioner violated Section 1.02 when she refused to allow Ms. Martin to decide whether to pay via insurance. Reamer testified, based on written materials, that in his opinion the Petitioner did nothing wrong. Reamer then proceeded to answer hypothetical questions that the Board predicated on the facts elicited during the hearing. After the hearing the Board found the Petitioner had not respected Ms. Martin's right to self-determination. The Board voted to censure her, place her on probation pursuant to 10 M.R.S.A. §8003(5)(A-1)(4), with a condition that she obtain consultation from a licenses clinical social worker twice a month for six months and imposed the costs of the hearing pursuant to 10 M.R.S.A. §8003-D. On May 29, 2002, the Board issued its written decision.

The Petitioner contends that Sheehan's participation as a Board member and later as a witness violated her right to due process. The Petitioner further contends that the Board's imposition of a sanction harsher than the sanction in the consent agreement was arbitrary and capricious, that the Board's imposition of costs without consideration of her ability to pay was arbitrary and capricious, and finally that the Board did not fully explain its reasons behind the sanctions.

## Discussion

**Standard of Review**

Courts review an agency's decision for errors of law, abuse of discretion or findings not supported by substantial evidence in the record. Consumers for Affordable Health Care, Inc. v. Superintendent of Insurance et al, 2002 ME 158, ¶22, 809 A.2d 1233. The Court limits its review to the record before the agency. M.R. Civ. P. 80(C)(d). The Petitioner claims that Sheehan's participation as a witness at the hearing, after having

3

been a voting member of the board during the initial proceedings, violated her due process rights.

**Due Process**

In the administrative setting due process requirements are flexible and do not entail specific forms or features. Wesson v. Town of Bremen, 667 A.2d 596, 599, n.6, (Me. 1995). The Law Court has stated that the combination of investigator, prosecutor, and sitting member of the board, created an intolerably high risk of unfairness. Gashgai v. Board of Registration in Medicine, 390 A.2d 1080 (Me. 1978). The Court in Gashgai dealt with an individual who had investigated a doctor for an independent body, prepared a report for the body that the Court later suppressed, signed the Complaint for the Board of Registration in Medicine as the acting Secretary and, although he declared himself a non-participant, then sat with the Board during the disciplinary hearing and deliberations while in possession of the suppressed report.

In the present case Sheehan was a member of the Board during the initial proceedings. At the adjudicatory hearing on the matter she acted as the Board's Complaint Officer, gave testimony, and sat with the Attorney General. Sheehan did not sit with the Board and recused herself from deliberations. This conduct does not rise to the impermissible level the Court found in Gashgai. See Frye v. Inhabitants of the Town of Cumberland, 464 A.2d 195, 199 (Me. 1983). Although Sheehan testified before her fellow Board members, the record does not demonstrate any bias or conflict on the part of the remaining Board members.

4

**Sanction**

The Petitioner contends that the Board's imposition of a sanction, greater than the proposed sanction in the consent agreement, was arbitrary and capricious. The Board proposed, in the consent agreement, that the Petitioner admit to two rules violations and face censure, probation, and monthly counseling for six months. After proceeding with a hearing the Board found a single rule violation, censured the Petitioner, placed her on probation and ordered bi-monthly counseling for six months. The Board contends that they imposed the penalty because the Petitioner never admitted to misconduct. The Board premised the proposed sanction on the Petitioner's acceptance of wrongdoing.

10 M.R.S.A. §8003(5)(A-1)(4) provides that the Board may, after finding a rule violation, "Impose conditions of probation upon an applicant, license or registrant. Probation may run for such time period as the bureau, office, board or commission determines appropriate. Probation may include conditions...the bureau, office, board or commission determines appropriate." The Board did not punish the Petitioner for demanding a hearing; rather the sanction in the consent agreement would have rewarded her for acknowledging her wrongdoing. The Board properly exercised their discretion based on the Petitioner's refusal to admit wrongdoing, and the record does not reflect that the Board acted arbitrarily or capriciously.

The Petitioner further contends that the Board acted arbitrarily and capriciously when it refused to take the Petitioner's ability to pay into account when assessing costs. 10 M.R.S.A. §8003-D provides that, "a board or commission... may assess the licensed person or entity for all or part of the actual expenses incurred by the board, commission or its agents for investigations and enforcement duties performed." The Board contends

5

that the statute does not require it to assess a person's ability to pay when assessing costs. The Board notes that when the Legislature has wished to mandate an inquiry into an individual's ability to pay fines or costs it has specifically required such an inquiry. Since the statute in question contains no such requirement the Board contends it acted within its discretion.

Courts grant an agency great deference and uphold an agency's interpretation of a statute it administers unless the statute plainly compels a contrary result. Town of Eagle Lake et al. v. Commissioner, Department of Education, et al., 2003 ME 37, ¶8, ____ A.2d ____. The statute in question does not plainly compel the Board to examine the Petitioner's ability to pay. Therefore the question before the Court is whether the Board abused its discretion in assessing costs. The record before the Board indicates that the Petitioner did not raise her ability to pay nor did she present any evidence of her ability to pay at the hearing.[2] Based on the record the Board did not abuse its discretion.

The Petitioner finally argues that the Board did not adequately explain the reasons for its decision. The Maine Administrative Procedures Act requires agencies to make factual findings when issuing a decision. However, an agency does not need to issue a complete factual record. York v. Town of Ogunquit, 2001 ME 53, ¶14, 769 A.2d 172. The record simply must contain credible substantial evidence to support the agency's decision. The record before the Court, and the Board's four-page decision, demonstrates that the Board considered the documentary evidence before it, asked questions of both parties and their experts and properly reached a decision.

---

[2] The Court is limited a to review of the record before the Board. The Petitioner, in the Petition for Appellate Review of Final Agency Action, challenges the Board's May 29, 2002, decision and not the Board's later actions concerning the motion to stay. Therefore the Court declines to consider the Petitioner's affidavits addressing her ability to pay the assessed costs.

6

THE DOCKET ENTRY IS:

The Petitioner's appeal is hereby denied.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: April 29, 2003

_____
Justice, Superior Court
Andrew M. Mead

Date Filed __6/27/02__  __Penobscot__  Docket No. __AP-2002-15__
County

Action __Rule 80C Appeal__
ASSIGNED TO JUSTICE ANDREW M. MEAD

LAURA ZEGEL                          vs. STATE OF MAINE BOARD OF SOCIAL WORK LICENS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT & GREIF<br>P O Box 2339<br>Bangor ME  04402-2339<br>By: Arthur Greif, Esq. | Robert C. Perkins, AAG<br>Department of the Attorney General<br>6 State House Station<br>Augusta ME  04333-0006 |

| Date of Entry | |
|---|---|
| 6/27/02 | Petition for Appellate Review of Final Agency Action filed. |
| 7/3/02 | Notice of Appearance filed.  Robert C. Perkins, AAG, enters his appearance on behalf of Respondent, State of Maine Board of Social Work Licensure. |
| 7/24/02 | Certified Record  and Transcript of Hearing held May 9, 2002 filed by Respondent. |
| 7/24/02 | Notice and Briefing Schedule Rule 80C Appeal of Final Agency Actions forwarded to attorneys of record. |
| 7/25/02 | Petitioner's Motion for a Stay Pending Appeal and Incorporated Memorandum of Law filed.  (Exhibit A attached) |
| 7/25/02 | Affidavit of Laura M. Ziegel filed by Petitioner. |
| 7/26/02 | File presented to Justice Mead for review. |
| 7/26/02 | Second affidavit of Laura M. Zegel filed. |
| 7/31/02 | File returned by Justice Mead, order issued. |
| 7/31/02 | Order filed.  Conference of counsel had by telephone:  July 31, 2002. Plaintiff moves for a stay of the sanction and supervision requirements imposed by the Defendant pending this appeal.  The court Orders the sanctions and requirements stayed until further Order of the court. Defendant shall file a response on or before August 7, 2002, and the Plaintiff shall have three days thereafter to respond.  The court will then rule upon the request without further argument unless deemed necessary by the court.  Given the time factors, the court will undertake to act without delay on the request.  So Ordered.  The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P. Rule 79 (a). (Mead, J.)  Copy forwarded to all attorneys of record. |